IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHANDRA LYONS J. JACKSON;
JOENATHAN JACKSON, JR.                                        PLAINTIFFS

v.                    Civil No. 12-2295

JANET MATLOCK, Chuck Fawcett
Real Estate                                                   DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiffs, Chandra Jackson and Joenathan Jackson, have submitted this *pro se* action against their former landlord, Janet Matlock of Chuck Fawcett Real Estate. Plaintiff Chandra Jackson has also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, in early March of 2012 Plaintiff and her husband rented a residence located at 2412 North 56 Lane, Forth Smith, Arkansas. On March 14th, Defendant provided them with the key to the residence and they began moving in. Plaintiff alleges there were a number of small problems with the residence including a slow drain, peeling paint, and rain getting into the garage that Defendant promised to rectify. Plaintiffs allege that they did some of the repairs themselves but did not receive payment or credit on their rent.

-1-

The air conditioning unit was not running properly and beginning in April Plaintiffs notified Defendant of the problem. Defendant did not fix the problem. On July 23rd, Chandra Jackson was taken to the hospital where she was diagnosed with "heat causing syncope."

## Discussion

While Chandra Jackson would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382) (alteration in original)).

First, to the extent Plaintiff s are attempting to assert a civil rights claim against Defendant, the claim fails. Defendant is a private party who is not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th

Cir.1999). Defendant did not act under color of law when acting as a landlord with respect to the rental of a residence.

Second, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Plaintiffs reside in Fort Smith, Arkansas, and indicates Defendant is also from Fort Smith, Arkansas. Diversity of citizenship does not exist.

Third, Plaintiffs have filed a prior action against Defendant stemming from the same incidents addressed in this complaint. *Jackson v. Matlock,* Civil No. 12-2218 The prior action was dismissed for lack of jurisdiction.

While a dismissal under the IFP statute "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a dismissal under the IFP statute "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994)(*quoting Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992)). Accordingly, the dismissal under the IFP statute of Plaintiffs "first claim [against Matlock] has res judicata effect and establishes that [their] second, identical claim is frivolous" for purposes of the IFP statute. *Waller*, 38 F.3d at 1008.

## Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiffs have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **29** day of November 2012.

/s/ Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 29 2012

CHRIS R. JOHNSON, Clerk
By
   Deputy Clerk

-4-

AO72A
(Rev. 8/82)